## Davis, et al., Trustees, etc. v. Steward.

### (Decided March 13, 1923.)

### Appeal from McCracken Circuit Court.

1. States—Appropriation is Setting Apart of Particular Sum for Specific Purpose.—An appropriation by the Legislature is the setting apart of a particular sum of money for a specific purpose.
2. Colleges and Universities—Statute Held Not to Authroize Payment of Debts From Appropriation for Maintenance.—Act 1922, c. 100, appropriating $6,000.00 for improvements to the buildings and grounds of the West Kentucky Industrial College and $15,000.00 annually for support and maintenance, does not authorize the use of the sums appropriated for the payment of debts contracted for past support and maintenance, especially as Acts 1918, c. 18, whereby the legislature assumed control of such college, shows intention not to incur any obligation in excess of the amounts thereby appropriated.

A. Y. MARTIN for appellants.

MORRIS & JONES and EATON & BOYD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the year 1918 the legislature passed an act (c. 18, Acts 1918) "for the benefit of West Kentucky Industrial College, making appropriations therefor, providing for state ownership of lands bought and improved, and prescribing regulations for the control of said institution."

By the act the sum of $3,000.00 was appropriated annually for the maintenance and operation of the college, and the sum of $5,000.00 for completing and equipping the building then in use, and the payment of debts against the same. The appropriations were made on the condition that the college gave free tuition to colored teachers taking a training course to teach in the colored common schools of Kentucky, and to colored boys and

girls who had attained the age of sixteen and had com-
pleted the common school course, and the appropriations
were not to be paid until the building and site had been
conveyed to the Commonwealth, and the title was ap-
proved by the Attorney General.

The act further provided that the president of the
college, the superintendent of schools of McCracken
county and three trustees to be appointed by the Gov-
ernor should constitute the board of trustees, who should
have general supervision of its affairs and the expendi-
ture of the appropriation therein made.

The board of trustees adopted a by-law, which, after
conferring other powers on the president of the insti-
tution, contains the following provision:

"He shall nominate the teachers to be confirmed by
the board of trustees. The trustees may reject his
nomination, in which case the president nominates and
continues to nominate until the nomination is accepted
by the board."

In the year 1922, the legislature passed an "Act (c.
100, Acts 1922) for the benefit of the West Kentucky
Industrial College, established at Paducah, Kentucky,
making appropriations thereto." After a long preamble
setting forth the advantages to be derived from the con-
tinued operation of the college, and reciting that the
small appropriations theretofore made, though insuffi-
cient to put the institution on a proper basis, had had the
effect of retarding any assistance by way of private
donation, and that the institution would have to close
unless the Commonwealth gave it the assistance which
it needed and deserved, the body of the act is as follows:

"Sec. 1. That there be and now is appropriated out
of any unappropriated moneys in the treasury of the
Commonwealth, the sum of six thousand ($6,000.00)
dollars for the purpose of improvements to the build-
ings and grounds of the West Kentucky Industrial Col-
lege, and to said institution an annual appropriation of
fifteen thousand ($15,000.00) dollars for the support and
maintenance thereof.

"The appropriations hereby made shall be paid out
in the manner now authorized by law or may hereafter
be authorized by law concerning appropriations to said
college."

T. B. Steward, who taught in the college for the
school year commencing July 1, 1921, and ending June

30, 1922, brought this suit against the trustees to compel them to pay him out of the appropriation made by the act of 1922 the sum of $1,200.00, being the balance due him on his salary. It appears from the petition and amended petition that Steward was employed by the president at a salary of $150.00 per month for nine months, but was paid only the sum of $150.00. He and the other teachers were all nominated by the president and their nominations were laid before the board of trustees. Though the board failed to confirm the nominations, it did not object to the rendition of the services by plaintiff and the other teachers, but acquiesced in their employment by the president and permitted them to teach, with the tacit understanding that their services and the rates of pay were approved.

In their answer the defendants admitted that they had declined to approve the claim of plaintiff because they were in doubt as to their right to apply to the payment of expenses incurred during the fiscal year beginning July 1, 1921, and ending June 30, 1922, the funds appropriated by the act of 1922. They further stated that there were other claims similar to those of plaintiff, and that if they were all paid out of the appropriation of 1922, it would seriously cripple the college, and asked that only one-half the claim be paid out of the appropriation of 1922 and the other half out of the appropriation for 1923. They also admitted that while they did not act upon the recommendations of the president because of insufficient funds, the services of plaintiff and the other teachers were rendered with their approval and acquiescence.

By consent of the parties the case was submitted on the pleadings, and the court held that plaintiff was entitled to the relief prayed for, and entered an order of injunction requiring the defendants to certify plaintiff's claim for payment and directing the treasurer of the board to pay one-half of the claim out of the appropriation for the year 1922, and the other half out of the appropriation for the year 1923. The defendants appeal.

An appropriation by the legislature is the setting apart of a particular sum of money for a specific purpose, and the question is whether the legislature intended that any portion of the sums appropriated by the act of 1922 should be applied to the payment of Steward's claim. Sometimes lump sums are appropriated "for

the benefit of." a particular institution, and it is not going far afield to hold that such an appropriation may be applied to the payment of any valid debt which the institution has theretofore incurred. However, in view of the fact that the legislature, in assuming control of the West Kentucky Industrial College, did not intend to incur any obligation in excess of the $5,000.00 appropriated for completing and equipping the building and paying the debts against the same, and the $3,000.00 appropriated annually for its maintenance and support, and the further fact that the board of trustees refused to confirm the appointment of Steward and the other teachers, it is doubtful, even if the legislature had made a specific appropriation for the payment of the debts of the institution, whether Steward's claim would be regarded as a valid debt, and therefore payable out of the appropriation. But the case before us is all the stronger. The language of the act in question is "And to said institution an annual appropriation of $15,000.00 for the support and maintenance thereof." It will thus be seen that the act not only makes no specific appropriation for the payment of debts, but contains no language even suggestive of any intention on the part of the legislature to apply the sums appropriated to any such purpose. On the contrary, the only appropriation was made for the support and maintenance of the institution during the year in which the apropriation was made, thus showing that the purpose of the act was to provide for future support and maintenance, and not past support and maintenance. That being true, it necessarily follows that if any portion of the appropriation could be used for the payment of Steward's claim, other portions could be used for the payment of other claims of like character, and the purpose of the legislature entirely defeated. As the payment of Steward's claim was not one of the purposes for which the appropriations were made by the act of 1922, he should not have been granted the relief given by the judgment.

Judgment reversed and cause remanded with directions to dismiss the petition.

Whole court sitting.